IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PELOTON INTERACTIVE, INC.,    )
   )
   Plaintiff,    )
   )     C.A. No. 21-160 (RGA)
   v.    )
   )
ECHELON FITNESS MULTIMEDIA, LLC,    )
   )
   Defendant.    )

## PELOTON INTERACTIVE, INC.'S OPPOSITION TO ECHELON'S MOTION TO DISMISS

OF COUNSEL:

Steven N. Feldman
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
(213) 485-1234

Lawrence J. Gotts
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
(202) 637- 2200

Marc N. Zubick
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876- 7700

David F. Kowalski
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400

March 15, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Michael J. Flynn (#5333)
Andrew M. Moshos (#6685)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mflynn@morrisnichols.com
amoshos@morrisnichols.com

*Attorneys for Plaintiff Peloton Interactive, Inc.*

## <u>TABLE OF CONTENTS</u>

Page

I.      THE NATURE AND STAGE OF THE PROCEEDINGS....................................................1

II.     SUMMARY OF THE ARGUMENT ...............................................................................1

III.    STATEMENT OF FACTS ...............................................................................................2

        A.      The Timeline Of Filings Versus Patent Issuance.....................................................2

        B.      The '521 And '026 Patent Claims Are Patentably Distinct....................................2

IV.     ARGUMENT ....................................................................................................................3

        A.      Federal Circuit Precedent Forecloses Echelon's Motion........................................3

        B.      The Claims Of The Asserted Patents Are Patentably Distinct ...............................5

        C.      Echelon's Cited Cases Are Inapposite....................................................................8

V.      CONCLUSION.................................................................................................................9

<u>TABLE OF AUTHORITIES</u>

## CASES

*Acosta v. Gaudin*,
   No. 17-cv-366, 2017 WL 4685548 (W.D. Pa. Oct. 18, 2017)....................................................... 8

*Adaptix, Inc. v. Amazon.com, Inc.*,
   No. 5:14-cv-01379, 2015 WL 4999944 (N.D. Cal. Mar. 14, 2016)....................................... 8, 9

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
   672 F.3d 1335 (Fed. Cir. 2012) ........................................................................................... 4

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
   126 F.3d 365 (2d Cir. 1997) ............................................................................................... 4

*Gillig v. Nike, Inc.*,
   602 F.3d 1354 (Fed. Cir. 2010) ....................................................................................... 4, 5

*Motionless Keyboard Co. v. Microsoft Corp.*,
   476 F.3d 1376 (Fed. Cir. 2007) ........................................................................................... 6

*Ohio Willow Wood Co. v. Alps S., LLC*,
   775 F.3d 1333 (Fed. Cir. 2013) ........................................................................................... 8

*SimpleAir, Inc. v. Google LLC*,
   884 F.3d 1160 (Fed. Cir. 2018) ....................................................................................... 5, 6

*Target Training Int'l, Ltd., v. Extended Disc N. Am., Inc.*,
   645 Fed. App'x 1018 (Fed. Cir. 2016) ................................................................................. 4

*Vehicle Interface Techs., LLC v. Jaguar Land Rover N. Am., LLC*,
   No. 14-cv-339, 2014 WL 3885939 (D. Del. Aug. 6, 2014) ................................................ 4, 8

## I.   THE NATURE AND STAGE OF THE PROCEEDINGS

On January 25, 2021, Peloton Interactive, Inc. ("Peloton) filed this suit against Echelon Fitness Multimedia, LLC ("Echelon") for infringement of U.S. Patent No. 10,639,521. Rather than answer Peloton's complaint, Echelon filed a motion to dismiss under the doctrine of claim splitting, arguing that Peloton is precluded from asserting its rights to the '521 patent in the current suit since the parties are engaged in a separate litigation involving a different patent. Peloton now opposes Echelon's motion to dismiss in light of existing Federal Circuit case law and the patentable distinctions between the patent claims at issue in the two lawsuits.

## II.   SUMMARY OF THE ARGUMENT

1. Echelon urges this Court to commit reversible error by ignoring controlling Federal Circuit precedent that prohibits the application of claim splitting where the asserted patent rights did not arise until after the initial complaint was filed and where the claims are patentably distinct. Here, Peloton filed the complaint in *Peloton I* nearly seven months before the '521 patent issued. The Federal Circuit has repeatedly held that *res judicata* does not apply to bar the assertion of new and patentably distinct claims acquired during the pendency of a litigation that could have been, but were not, litigated or adjudicated in the action. Despite this controlling precedent, Echelon now seeks to punish Peloton for exercising the option not to supplement the pleadings in *Peloton I* with an after-acquired infringement claim.

2. Echelon fails to meaningfully address the substantive differences between the '521 patent claims and those of Peloton's U.S. Patent No. 10,486,026 when arguing that the claims are patentably indistinct (and it would be improper for them to do so now in reply). When properly compared, the claims of the '521 patent are unquestionably broader than the claims of the '026

patent based on the absence of at least two significant elements present in each claim of the '026 patent, proving the claims to be patentably distinct.

3.      Much of Echelon's brief contains mischaracterizations of Peloton's positions, the prosecution history, and the interactions between the parties, but these distractions cannot and do not cure Echelon's failures under the black letter law requiring denial of Echelon's motion.

Peloton respectfully requests that this Court the deny Echelon's Motion to Dismiss.

## III.    STATEMENT OF FACTS

### A.    The Timeline Of Filings Versus Patent Issuance

It is undisputed that Peloton filed the complaint in docket number 1:19-cv-1903 ("*Peloton I*") on October 8, 2019. On January 13, 2020, Peloton filed its first amended complaint in *Peloton I*, including claims for the infringement of U.S. Patent. 10,486,026. Nearly five months later, on May 5, 2020, the '521 patent, which is a continuation of the '026 patent, issued. Peloton did not have the right to assert the '521 patent before it issued. On January 25, 2021, Peloton filed this action for infringement of the '521 patent ("*Peloton II*").

### B.    The '521 And '026 Patent Claims Are Patentably Distinct

Contrary to Echelon's contentions, there are multiple differences between the claims of the '521 and '026 patents that render the claims patentably distinct. Indeed, each and every claim of the '026 patent includes at least two limitations that are not present in any claim of the '521 patent, such that the '521 claims are broader than and different in scope from the '026 claims. The table below identifies the key differences between the '521 and '026 claims.

| '521 Claim Language | '026 Claim Language |
|---|---|
| cause the display screen to display the content of the selected exercise class while the first user participates in the selected exercise class | cause the display screen to display the content of the selected archived exercise class while the first user participates in the selected archived exercise class <u>by causing movement of the portion of the exercise device</u> |
| cause the display screen to display, during the selected exercise class, a dynamically updating ranked list of the first user performance parameter and at least some of the performance parameters for the plurality of other users, such that the performance parameters displayed on the dynamically updated ranked list are synchronized to one another to thereby simulate the first user competing with at least some of the other users during the selected exercise class | <u>synchronize the archived performance data with the first user performance data,</u> wherein the archived user performance parameters represented by the archived performance data are synchronized with the first user performance parameter; and<br><br>cause the display screen to display a dynamically updating ranked list of the first user performance parameter and at least some of the performance parameters, to thereby simulate the first user competing with at least some of the other users during the selected exercise class |

As these limitations appear in each independent claim of the '026 patent, they are likewise present in every dependent claim. Each of these taken alone broadens the scope of the '521 patent claims in comparison to the '026 patent claims, rendering the claims patentably distinct.

## IV.    ARGUMENT

### A.    Federal Circuit Precedent Forecloses Echelon's Motion

Echelon ignores the black letter case law that recognizes Peloton's right to file a separate complaint on the later-issued '521 patent. The complaint in *Peloton I* was filed on October 8, 2019. The '521 patent issued nearly seven months later on May 5, 2020. It is undisputed that the '521 patent claims differ from the '026 patent claims,[1] and that Peloton did not have the right to assert

---

[1] The '521 patent claims are not only different than the '026 patent claims, but they are also broader and patentably distinct therefrom. *See* Section IV.B., *infra*.

claims under the '521 patent until after filing of the complaint in *Peloton I*, when that patent actually issued.

The Federal Circuit has pronounced a "general rule [in patent cases] that res judicata does not bar the assertion of new claims acquired during the action which might have been, but were not, litigated. *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012) (quoting *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010)); *see also Target Training Int'l, Ltd., v. Extended Disc N. Am., Inc.*, 645 Fed. App'x 1018, 1026 (Fed. Cir. 2016) (unpublished) ("We have held that, in patent cases, res judicata does not apply to bar the assertion of new claims acquired during the pendency of a litigation that could have been, but were not, litigated or adjudicated in the action (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 370 (2d Cir. 1997)). "A plaintiff may seek leave to file a supplemental pleading to assert those [newly-arising] claims, but the doctrine of res judicata does not punish a plaintiff for exercising the option not to supplement the pleadings with an after-acquired claim." *Gillig*, 602 F.3d at 1363 (internal quotations omitted). Claim splitting, the premise of Echelon's motion, is a form of res judicata. *Vehicle Interface Techs., LLC v. Jaguar Land Rover N. Am., LLC*, No. 14-cv-339, 2014 WL 3885939, at *1 (D. Del. Aug. 6, 2014). Under *Gillig* and its progeny, res judicata (including claim splitting) cannot bar Peloton's assertion of the '521 patent's patentably distinct claims in the later-filed *Peloton II* case.[2]

Echelon's arguments regarding the deadline to amend pleadings in *Peloton I* are unavailing and irrelevant under the same well-established precedent. In moving to dismiss the complaint in *Peloton II* because Peloton "ignored the deadline to amend pleadings in *Peloton I* to advance its

---

[2] Echelon's escalating litany of complaints including Peloton's alleged "playbook," "duplicitous litigation," and "[p]utting a proverbial gun to Echelon's head," D.I. 8 at 1, 10, in addition to being nothing more than false invective, cannot erase or override Federal Circuit precedent.

own strategic agenda," D.I. 8 at 11, Echelon urges this Court to commit legal error. "[T]he doctrine of res judicata does not punish a plaintiff for exercising the option not to supplement the pleadings with an after-acquired claim." *Gillig*, 602 F.3d at 1363. Peloton cannot and should not be punished for following the Federal Circuit's guidance.

**B.      The Claims Of The Asserted Patents Are Patentably Distinct**

Echelon elides the differences between the claims of the '521 patent and '026 patent, following an approach expressly cautioned against by the Federal Circuit. When the claims of the two patents are properly considered, they cannot be found to be patentably indistinct.

Echelon provides only a superficial comparison of claim 1 of each patent, conclusorily contending (through nothing more than attorney argument) that the multiple variances between the claims are "minor." D.I. 8 at 4. Echelon likewise notes that several of the dependent claims differ between the '521 and '026 patents, but dismisses them, again without support, as "trivial differences." *Id.* at 7. Echelon further alleges that six of the dependent claims in the '521 patent are identical to those in the '026 patent, *id.*, but that is simply not true.

Rather than provide a complete claim comparison, Echelon instead takes a shortcut, relying on the terminal disclaimer filed during the prosecution of the '521 patent as a purported "strong clue that a patent examiner, and by concession, Peloton, thought the claims in the '521 patent lacked a patentable distinction over the parent." D.I. 8 at 10. While the Federal Circuit in *SimpleAir, Inc. v. Google LLC* did state that a terminal disclaimer can be a "strong clue," it expressly stated (in language Echelon did not include in its brief) that this "strong clue does not give rise to a presumption that a patent subject to a terminal disclaimer is patentably indistinct from its parent patents." 884 F.3d 1160, 1168 (Fed. Cir. 2018). The court emphasized that the "claim preclusion analysis requires comparing the patents' claims along with other relevant transactional facts." *Id.* "Claims of terminally-disclaimed continuation patents could provide larger

claim scope to a patentee than the patentee had under the parent patent." *Id.* at 1167 (internal quotations omitted). "A terminal disclaimer simply is not an admission that a later-filed invention is obvious," *Motionless Keyboard Co. v. Microsoft Corp.*, 476 F.3d 1376, 1387 (Fed. Cir. 2007), and cannot be used to infer an admission regarding the patentability of the resulting claims. *SimpleAir*, 884 F.3d at 1167.

A true, substantive analysis of the patents' claims, beyond Echelon's attorneys' say-so, reveals several differences that demonstrate that the claims are not patentably indistinct. First, the independent claims of the parent '026 patent (claims 1 and 11) include the requirement that the "first user participates in the selected archived class by causing movement of the portion of the exercise device." Echelon's classification of this as a "minor difference," D.I. 8 at 4, is belied by its own proposed claim construction. Echelon argues that the plain and ordinary meaning should not apply, and instead that "causing movement of the portion of the exercise device" should be construed as "cause movement of a portion of the exercise device by applying user force to the portion of the exercise device to be moved." *Peloton I*, D.I. 107 at 6.

| '521 Claim Language | '026 Claim Language | '026 Claim Language (Echelon's Construction) |
|---|---|---|
| cause the display screen to display the content of the selected exercise class while the first user participates in the selected exercise class | cause the display screen to display the content of the selected archived exercise class while the first user participates in the selected archived exercise class <u>by causing movement of the portion of the exercise device</u> | cause the display screen to display the content of the selected archived exercise class while the first user participates in the selected archived exercise class <u>by caus[ing] movement of a portion of the exercise device by applying user force to the portion of the exercise device to be moved</u> |

The claims of the '521 patent do not contain this limitation and are therefore necessarily broader than the claims of the '026 patent. Although Peloton disputes Echelon's proposed claim construction, there can be no doubt that the '521 patent claims are broader than the '026 patent

claims, and that Echelon itself has determined that the limitation omitted from the '521 patent claims is material. Accordingly, the claims are not patentably indistinct for that reason alone.

The independent claims of the '026 patent also include the requirement of "synchroniz[ing] the archived performance *data* with the first user performance *data*." The '521 claims do not include this limitation.

| '026 Claim Language | '521 Claim Language |
|---|---|
| synchronize the archived performance data with the first user performance data, wherein the archived user performance parameters represented by the archived performance data are synchronized with the first user performance parameter; and<br><br>cause the display screen to display a dynamically updating ranked list of the first user performance parameter and at least some of the performance parameters, to thereby simulate the first user competing with at least some of the other users during the selected exercise class | cause the display screen to display, during the selected exercise class, a dynamically updating ranked list of the first user performance parameter and at least some of the performance parameters for the plurality of other users, such that the performance parameters displayed on the dynamically updated ranked list are synchronized to one another to thereby simulate the first user competing with at least some of the other users during the selected exercise class |

While the claims of the '521 patent discuss synchronized performance *parameters*, Echelon has taken the position that performance parameters must be distinct from performance data. *Peloton I*, D.I. 107 at 4. Under Echelon's proposed construction (which Peloton disputes), if performance data must be distinct from performance parameters, the '521 claims are yet again broader and patentably distinct based on this limitation alone as they do not include this additional requirement. And, although Peloton disputes Echelon's proposed constructions, the parties all agree that the two terms are not synonymous. Presumably, Echelon believes the distinction between "performance parameters" and "performance data" is significant or else it would not have demanded the Court's construction of this term.

These two distinctions are present in all of the independent claims, and are thus equally present in all of the dependent claims. Echelon's contention that "dependent claims 2, 6, 10, 14,

17, and 20 of the '026 and '521 patents are **_identical_** in each patent," D.I. 8 at 7 (emphasis in original), is demonstrably false. So too is Echelon's unsupported allegation that the differences between the claims are "minor." Indeed, Echelon's proposed claim constructions evidence the importance of these limitations to the parties' infringement and validity positions. Echelon "cannot have its cake and eat it too," arguing that the limitations amount to minor differences while hinging liability defenses upon them. *See Vehicle Interface*, 2014 WL 3885939 at *2 (denying motion to dismiss for claim splitting where defendants had previously opposed a motion to amend for new products by arguing those products differed from those asserted). A proper comparison of the claims establishes that they are not patentably indistinct, requiring denial of Echelon's motion to dismiss.

### C.    Echelon's Cited Cases Are Inapposite

The cases Echelon cites are inapposite and do not countermand clear Federal Circuit precedent that is on all-fours with the facts of the present case. For example, *Acosta v. Gaudin*, block quoted at length by Echelon, D.I. 8 at 11-12, involved two lawsuits filed by the Secretary of Labor under the Fair Labor Standards Act against different employees/officers of the same company. No. 17-cv-366, 2017 WL 4685548 (W.D. Pa. Oct. 18, 2017). It did not involve rights arising after the filing of the complaint, let alone patents. *Ohio Willow Wood*, D.I. 8 at 11, addressing the question of whether patent claims could be invalidated under a collateral estoppel theory, is inapplicable here. *Ohio Willow Wood Co. v. Alps S., LLC*, 775 F.3d 1333 (Fed. Cir. 2013). In *Adaptix*, the plaintiff had sought leave to amend its infringement contentions to add additional products and indirect infringement claims. *Adaptix, Inc. v. Amazon.com, Inc.*, No. 5:14-cv-01379, 2015 WL 4999944, at *11 (N.D. Cal. Mar. 14, 2016). After the motion to amend was denied, the plaintiff filed a second complaint under *the same patents*, for those same previously-available products and infringement theories. *Id.* None of these cases address after-arising patent

rights like those at issue here and addressed by the Federal Circuit in *Gillig* and *SimpleAir*. Echelon does not identify a single case dismissing a complaint under the doctrine of claim splitting where (1) neither litigation has reached a final judgment and (2) the later litigation asserts a patent that issued after the first litigation was filed – and Peloton has found no such case.

While Peloton disputes Echelon's characterizations of Peloton's actions and the exchanges between the parties, ultimately, they are irrelevant to the Court's decision. Indeed, Echelon would seemingly have this Court probe into Peloton's litigation work product and attorney-client communications regarding litigation-related decisions. But these alleged complaints do not erase the patentable distinctions between the claims and cannot override Federal Circuit precedent.

## V.      CONCLUSION

For the reasons stated above, Peloton respectfully requests that this Court deny Echelon's motion to dismiss.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Michael J. Flynn (#5333)
Andrew M. Moshos (#6685)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mflynn@morrisnichols.com
amoshos@morrisnichols.com

*Attorneys for Plaintiff Peloton Interactive, Inc.*

OF COUNSEL:

Steven N. Feldman
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
(213) 485-1234

Lawrence J. Gotts
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
(202) 637- 2200

Marc N. Zubick
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876- 7700

David F. Kowalski
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400

March 15, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 15, 2021, upon the following in the manner indicated:

Benjamin J. Schladweiler                                    *VIA ELECTRONIC MAIL*
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
*Attorneys for Defendant*

Douglas R. Weider                                            *VIA ELECTRONIC MAIL*
James L. Ryerson
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
*Attorneys for Defendant*

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)