IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PELOTON INTERACTIVE, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:21-cv-160-RGA |
| | ) |
| ECHELON FITNESS MULTIMEDIA, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ECHELON FITNESS MULTIMEDIA, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER CLAIM SPLITTING**

OF COUNSEL:

Douglas R. Weider
James L. Ryerson
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Phone: (973) 360-7900
weiderd@gtlaw.com
ryersonj@gtlaw.com

Dated:  March 22, 2021

GREENBERG TRAURIG, LLP

Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE  19801
Phone: (302) 661-7000
schlwadweilerb@gtlaw.com

*Attorney for Defendant Echelon Fitness Multimedia, LLC*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.    INTRODUCTION ............................................................................................................ 1

II.    ARGUMENT ................................................................................................................... 2

    A.    The Federal Circuit Has Expressly Rejected Peloton's Argument That Collateral Estoppel Cannot Apply To Later-Issued Patents .................................... 2

    B.    Peloton's Characterizations Of The '026 And '521 Patent Claims Confirm The Claims Are Not Patentably Distinct. .............................................................. 5

    C.    Peloton Offers No Substantive Response To Echelon's Contention That It Used The Filing Of This Action To Circumvent The Deadline To Amend Pleadings In *Peloton I*. ........................................................................................... 7

III.    CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
672 F.3d 1335 (Fed. Cir. 2012) ...................................................................................... 3, 4

*Cytiva Swed. AB v. Bio-Rad Labs., Inc.*,
C.A. No. 18-1899-CFC-SRF, 2021 WL 431508 (D. Del. Feb. 8, 2021) .................................. 8

*Geneva Pharm., Inc. v. GlaxoSmithKline PLC*,
349 F.3d 1373 (Fed. Cir. 2003) ............................................................................................ 6

*Gillig v. Nike, Inc.*,
602 F.3d 1354 (Fed. Cir. 2010) ............................................................................................ 4

*Indivior Inc. v. Dr. Reddy's Lab'ys, S.A.*,
752 F. App'x 1024 (Fed. Cir. 2018) (unpublished) .............................................................. 3

*Leonard v. Stemtech Int'l, Inc.*,
C.A. No. 12-86-LPS-CJB, 2012 WL 3655512 (D. Del. Aug. 24, 2012) ................................. 5

*Live Face on Web, LLC v. Cremation Soc'y of Illinois, Inc.*,
No. CV 18-1718, 2019 WL 398938 (E.D. Pa. Jan. 31, 2019) ............................................... 5

*Pfizer, Inc. v. Teva Pharm. USA, Inc.*,
518 F.3d 1353 (Fed. Cir. 2008) ............................................................................................ 5

*SimpleAir, Inc. v. Google LLC*,
884 F.3d 1160 (Fed. Cir. 2018) .................................................................................... 2, 3, 4

*Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*,
645 F. App'x 1018 (Fed. Cir. 2016) ..................................................................................... 4

*Vehicle Interface Techs., LLC v. Jaguar Land Rover N. Am., LLC*,
C.A. No. 14-339-RGA, 2014 WL 3885939 (D. Del. Aug. 6, 2014) ...................................... 7

*Walton v. Eaton Corp.*,
563 F.2d 66 (3d Cir. 1977) ................................................................................................... 7

**Other Authorities**

Federal Rule of Civil Procedure 16(b)(4) ........................................................................... 8

I.     **INTRODUCTION**

Shockingly, Peloton offers no explanation for why it did not assert the '521 patent in *Peloton I* despite that: (1) both cases undisputedly involve the same parties and the same accused products; (2) the '521 patent issued before Echelon filed its answer in *Peloton I*; (3) Peloton had no issue amending its complaint in *Peloton I* to add the "later-acquired" '026 patent; (4) Peloton asserted the '026 and '521 patents in its co-pending case against ICON (C.A. No. 20-662-RGA) and the Court scheduled a joint *Markman* hearing in *Peloton I* and the *ICON Case* to construe the claims of those patents; and (5) the '521 patent issued nearly seven months before the deadline to amend pleadings in *Peloton I* and Peloton's filing of its operative Second Amended Complaint in that action.

Perhaps because it cannot justify its conduct, Peloton attempts to dismiss its actions as irrelevant. Not so. The doctrine of improper claim splitting is an equitable rule, and the Third Circuit has instructed courts to enforce the doctrine against plaintiffs who file duplicative actions to circumvent deadlines to amend pleadings. That is exactly what has happened here.

Peloton offers just two reasons why the Court should not dismiss this action for improper claim splitting, neither of which has merit. Peloton's first argument, that it had the unfettered right to assert the '521 patent in another case because it issued after the filing of the original complaint in *Peloton I* (but before the filing of the operative complaint in *Peloton I*), has been expressly rejected by the Federal Circuit. Peloton's second argument, that the '521 patent claims are "broader" than and therefore "patently distinct" from '026 patent claims, fails to apply the correct standard for evaluating whether claims are "patentably distinct." In fact, Peloton's characterization of the scope of the claims serves to confirm the patent examiner's finding that the claims lack a patentable distinction.

For the reasons set forth in Echelon's Opening Brief (D.I. 8) and below, the Court should dismiss the complaint for improper claim splitting.

## II. ARGUMENT

Most of the elements necessary for a finding of improper claim splitting are not disputed. Peloton concedes that it is maintaining multiple lawsuits involving the same parties and the same accused products at the same time. The only disputed issue is whether Peloton's instant infringement claims raise a new cause of action because the '521 patent claims are "patentably distinct" from the previously-asserted '026 patent claims.

Peloton's only arguments that it did not engage in improper claim splitting are that: (1) it had the unfettered right to assert the '521 patent in a later case because that patent issued after the filing of the original complaint in *Peloton I* and (2) the '521 patent claims are "patentably distinct" because they are broader than the '026 patent claims. As discussed below, both arguments lack merit.

### A. The Federal Circuit Has Expressly Rejected Peloton's Argument That Collateral Estoppel Cannot Apply To Later-Issued Patents.

Peloton's opposition to the Motion to Dismiss rests on the false premise that "black letter case law . . . recognizes Peloton's right to file a separate complaint on the later-issued '521 patent." (D.I. 9 at 3). Not only does Peloton fail to cite any cases that stand for that proposition, but the Federal Circuit expressly rejected Peloton's very argument in *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160 (Fed. Cir. 2018).

In *SimpleAir*, patent owner SimpleAir argued that because the asserted patents "issued after SimpleAir filed its complaints in *SimpleAir II* and *SimpleAir III* . . . claim preclusion cannot bar SimpleAir from initiating a new suit based on those patents." *Id*. at 1169. The Federal Circuit rejected that argument and held that "whether the '838 and '048 continuation patents present the same cause of action as previously litigated depends on the scope of their claims, not on their dates of issuance." *Id*.

In advancing the same argument that failed in *SimpleAir*, Peloton asserts that "[t]he Federal Circuit has pronounced a 'general rule [in patent cases] that res judicata does not bar

the assertion of new claims acquired during the action which might have been, but were not, litigated." (D.I. 9. at 4 (quoting *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012))). But Peloton's flawed logic incorrectly assumes that the issuance of a continuation patent necessarily gives rise to a new claim (or cause of action)[1] for purposes of claim preclusion. The Federal Circuit also rejected that very premise in *SimpleAir*:

> SimpleAir's argument rests on the premise that the '838 and '048 child patents constitute causes of action separate from an earlier adjudication of parent patents. But as discussed above, assertion of each new continuation patent does not necessarily create a new cause of action.

884 F.3d at 1169; *see also See Indivior Inc. v. Dr. Reddy's Lab'ys, S.A.*, 752 F. App'x 1024, 1027 (Fed. Cir. 2018) (unpublished) (finding, on appeal from order granting preliminary injunction, that "claim preclusion likely bars Indivior's suit" as to later-issued continuation patent claims that were "patentably indistinct" from claims of previously-asserted patent).

In short, *SimpleAir* is directly on point and refutes Peloton's contention that a patent owner has the unfettered "right to file a separate complaint" with respect to a continuation patent that could have been asserted in a prior lawsuit between the same parties involving the same accused products.

The Federal Circuit authority cited by Peloton, *Aspex Eyewear, Inc. v. Marchon Eyewear*, Inc., 672 F.3d 1335 (Fed. Cir. 2012), undercuts its position. In *Aspex*, the Federal Circuit held that new claims emerging from reexamination did not create a new cause of action, 672 F.3d at 1341, despite that the reexamined claims did not issue until *after* the first suit had ended, *id*. at 1339. The *Aspex* holding therefore directly contradicts Peloton's contention that collateral estoppel cannot apply to the '521 patent because it issued after the filing of the original complaint in *Peloton I*. *See SimpleAir*, 884 F.3d at 1169 (finding that "assertion of each new continuation patent does not necessarily create a new cause of action" to be "in

---

[1] "When analyzing claim preclusion, courts often use 'claim' and 'cause of action' interchangeably." *SimpleAir*, 884 F.3d at 1165, n.1.

3

accordance with *Aspex*"). The discussion in *Aspex* concerning the application of res judicata to later-acquired causes of action occurred in the context of new accused products, not new patent claims.

The two remaining Federal Circuit cases cited by Peloton are inapposite, as neither involved the assertion of a later-issued continuation patent. In *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010), the court found that claim preclusion did not bar claims for trade secret and correction of inventorship that did not accrue until after the filing of the earlier action. While the court opined that "the doctrine of res judicata does not punish a plaintiff for exercising the option not to supplement the pleadings with an after-acquired claim," *id*. at 1363, the *Gillig* decision does not address whether a later-issued continuation patent gives rise to a new cause of action for purposes of claim preclusion. As *SimpleAir* later clarified, the later-issued patent must be "patentably distinct" from the earlier patent to preclude a finding of collateral estoppel. 884 F.3d at 1167.

In *Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, 645 F. App'x 1018, 1025 (Fed. Cir. 2016), the Federal Circuit found that collateral estoppel would not bar a future suit involving new claims issuing from a reexamination in which the plaintiff's previously-asserted claims were all held invalid. The court concluded there could be no collateral estoppel because the district court dismissed the earlier action for mootness and therefore "never reached a judgment on the merits." *Id*. at 1025. Moreover, *Target Training* did not address when a later-issued continuation patent may give rise to a new cause of action.

Importantly, none of the authority cited by Peloton addressed a situation where, as here, the plaintiff amended its complaint after the filing of the action but did not add the new cause of action that had purportedly accrued as of that time. Courts in the Third Circuit that have analyzed this issue have found that the date of "filing of the last complaint of record in the first case (or, at minimum, . . . the deadline for filing an amended complaint in that case)" to be the

4

operative date for the claim-splitting analysis. *Leonard v. Stemtech Int'l, Inc.*, C.A. No. 12-86-LPS-CJB, 2012 WL 3655512, at *8 (D. Del. Aug. 24, 2012), report and recommendation adopted, C.A. No. 12-86-LPS-CJB, 2012 WL 4591453 (D. Del. Sept. 28, 2012); *see also Live Face on Web, LLC v. Cremation Soc'y of Illinois, Inc.*, No. CV 18-1718, 2019 WL 398938, at *6 (E.D. Pa. Jan. 31, 2019) (quoting *Leonard* for the same proposition).

### B. Peloton's Characterizations Of The '026 And '521 Patent Claims Confirm The Claims Are Not Patentably Distinct.

Peloton does not dispute that: (1) the Court may take judicial notice of the patent prosecution history excerpts Echelon filed as Exhibits 1 and 2 to its Opening Brief (D.I. 8-1 & 8-2); (2) the patent examiner issued a double-patenting rejection because the '026 and '521 patent claims were not "patentably distinct"; (3) Peloton acquiesced to that objection by filing a terminal disclaimer; and (4) Peloton's filing of a terminal disclaimer provides a "strong clue" the '521 patent claims are not "patentably distinct" from the '026 patent claims. As demonstrated in Echelon's Opening Brief and below, a comparison of the claim language confirms the patent examiner's conclusion the claims are not "patentably distinct."

In arguing the claims are "patentably distinct" (D.I. 9. at 5-7), Peloton fails to apply the correct legal standard. Under well-settled Federal Circuit precedent, "[a] later patent claim is not patentably distinct from an earlier patent claim if the later claim is obvious over, or anticipated by, the earlier claim." *Pfizer, Inc. v. Teva Pharm. USA, Inc.*, 518 F.3d 1353, 1363 (Fed. Cir. 2008) (quoting *Eli Lilly & Co. v. Barr Lab'ys, Inc.*, 251 F.3d 955, 968 (Fed. Cir. 2001)). Peloton fails to apply this standard. Instead, Peloton simply concludes that the '521 patent claims are not "patentably distinct" because they are "broader" than '026 patent claims—that is not the correct standard.

Applying the correct standard, Peloton's characterization of the claims' scope confirms the absence of any patentable distinction between the claims. Specifically, Peloton asserts "the claims of the '521 patent are unquestionably broader than the claims of the '026 patent based

5

on the absence of at least two significant elements present in each claim of the '026 patent." (D.I. 9 at 1-2). Accepting that interpretation as correct, the narrower '026 patent claims anticipate the broader '521 patent claims because every limitation of the '026 patent claims is also present in the '521 patent claims. As such, the '521 patent claims cannot be "patentably distinct," because "[a] claim cannot be patentably distinct over anticipatory subject matter." *Geneva Pharm., Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373, 1383 (Fed. Cir. 2003).

The absence of any patentable distinction finds further support in the minor nature of the claim differences identified by Peloton: namely, that the '026 patent claims require (1) a user to "cause movement of [a] portion of the exercise device" and (2) the system to "synchronize the archived performance data with the first user performance data." (D.I. 9 at 6-7). Movement is necessary aspect of using an exercise device (otherwise it is an expensive coat hanger), and, as the table in Echelon's Opening Brief demonstrates (D.I. 8 at 5-6), both patents require the synchronization of user performance parameters. Notably, Peloton does not dispute that, in its complaints in *Peloton I* and the instant case, Peloton alleges that '026 and '521 patents embody the exact same inventive concepts. (D.I. 8 at 6-7; *compare* D.I. 1 at ¶¶ 45-52 *with* C.A. No. 19-1903-RGA, D.I. 77 at ¶¶ 68-73).

With respect to the dependent claims, Peloton does not point to any language of the dependent claims themselves as supporting a patentable distinction. Accordingly, while Peloton takes issue with Echelon's description of certain dependent claims as "identical and others as having only "minor" differences, Peloton's criticisms appear directed solely to the fact that the "two distinctions present in all of the independent claims" are "equally present in all the dependent claims." (D.I. 9 at 7-8). As discussed above, those two distinctions do not render the claims patentably distinct.

Because the claims of the '026 and '521 patents are not "patentably distinct," the issuance of the '521 patent did not give rise to a new cause of action that Peloton could assert

at any time, notwithstanding the pendency or outcome of the *Peloton I* action.

### C. Peloton Offers No Substantive Response To Echelon's Contention That It Used The Filing Of This Action To Circumvent The Deadline To Amend Pleadings In *Peloton I*.

Echelon agrees with Peloton that the Court need not reach Peloton's motives to dismiss this case for improper claim splitting; Peloton's filing of two separate actions "involving the same subject matter at the same time in the same court against the same defendant" warrants dismissal regardless of motive. *Vehicle Interface Techs., LLC v. Jaguar Land Rover N. Am., LLC*, C.A. No. 14-339-RGA, 2014 WL 3885939, at *1 (D. Del. Aug. 6, 2014) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). But Peloton's assertion that its actions are "irrelevant to the Court's decision" is incorrect. (D.I. 9 at 9).

The Third Circuit has instructed, courts to "insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977). Peloton offers no explanation for its conduct and only a broad denial of "Echelon's characterizations of Peloton's actions and the exchanges between the parties." (D.I. 9 at 9). But the facts speak for themselves.

Peloton attempts to excuse its non-assertion of the '521 patent in *Peloton I* because "Peloton filed its complaint in *Peloton I* nearly seven months before the '521 patent issued." (D.I. 9 at 1). That argument is misleading at best. At the time the '521 patent issued on May 5, 2020, Echelon had a motion to dismiss pending and had not yet filed an answer in *Peloton I*. (C.A. No. 19-1903-RGA at D.I. 17 & D.I. 31). The parties were not "seven months" into the case; there had been no scheduling conference and no discovery had taken place at that point.

When the Court finally did hold a scheduling conference, Peloton then leveraged its non-assertion of the '521 patent to affirmatively argue that *Peloton I* and the *ICON Case* (in which the '521 patent had been asserted) should not be consolidated or coordinated for

7

discovery because "the only overlap between these two litigations is Peloton's '026 patent." (C.A. No. 19-1903-RGA, D.I. 38 at 1). Peloton does not and cannot dispute this point.

While Peloton takes issue with Echelon's characterizations of Peloton's "playbook" (D.I. 9 at 4, n.2), Peloton does not dispute that: (1) the Court may take judicial notice of the Preliminary Patent Owner's Response in IPR2019-01411 that Echelon filed as Exhibit 3 to its Opening Brief (D.I. 8-3); and (2) Peloton argued in that Preliminary Patent Owner's Response that the PTAB should decline to institute the IPR due to the advanced stage of a patent litigation involving the challenged patent.

Finally, while Peloton disputes Echelon's characterizations of "the exchanges between the parties," Peloton does not deny having asked Echelon for permission to assert the '521 patent in *Peloton I* after the deadline to amend pleadings in that case had expired. Echelon will be happy to submit the exchanges between the parties and let Peloton try to explain how those have been mischaracterized.

It is clear from the undisputed facts that Peloton strategically delayed in asserting the '521 patent in *Peloton I* and then used the filing of the instant action to circumvent the deadline to amend pleadings in *Peloton I*.[2] In response, Peloton "pleads the Fifth," offering no response under the guise that doing so would allegedly require a "probe into Peloton's litigation work product." (D.I. 9 at 9). The record speaks for itself.

**III.   CONCLUSION**

For the foregoing reasons above and those set forth in Echelon's Opening Brief, the Court should dismiss the instant action for improper claim splitting.

---

[2] Peloton presumably recognized that a motion to amend the complaint in *Peloton I* would not be successful because, under Federal Rule of Civil Procedure 16(b)(4), it would have had to demonstrate that it exercised reasonable diligence in trying to comply with the scheduling order, and "Courts presume a party lacks diligence if the party had knowledge of the facts supporting its proposed amendment before the deadline to amend," as Peloton did here. *Cytiva Swed. AB v. Bio-Rad Labs., Inc.*, C.A. No. 18-1899-CFC-SRF, 2021 WL 431508 (D. Del. Feb. 8, 2021).

8

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | GREENBERG TRAURIG, LLP |
| OF COUNSEL: | |
|  | */s/ Benjamin J. Schladweiler* |
| Douglas R. Weider | Benjamin J. Schladweiler (#4601) |
| James L. Ryerson | The Nemours Building |
| GREENBERG TRAURIG, LLP | 1007 North Orange Street, Suite 1200 |
| 500 Campus Drive, Suite 400 | Wilmington, DE  19801 |
| Florham Park, NJ 07932 | Phone:  (302) 661-7000 |
| Phone:  (973) 360-7900 | schlwadweilerb@gtlaw.com |
| weiderd@gtlaw.com | |
| ryersonj@gtlaw.com | *Attorney for Defendant Echelon Fitness Multimedia, LLC* |
| Dated:  March 22, 2021 | |

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on March 22, 2021, a true copy of the foregoing Defendant Echelon Fitness Multimedia, LLC's Reply Brief in Support of Motion to Dismiss for Improper Claim Splitting was served via electronic mail upon the following counsel of record:

Steven N. Feldman, Esquire
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
steve.feldman@lw.com

Lawrence J. Gotts
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
lawrence.gotts@lw.com

Marc N. Zubick, Esquire
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
marc.zubick@lw.com

David F. Kowalski, Esquire
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130
david.kowalski@lw.com

Michael J. Flynn, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
mflynn@mnat.com

*Counsel for Plaintiff Peloton Interactive, Inc.*

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)